JUSTICE GRAY,
dissenting.
¶34 I respectfully dissent from the Court’s opinion on the sole issue stated because Howe— the only case cited by the Court — clearly does not support the Court’s decision. I also dissent from the Court’s decision to address the Montana Unfair Trade Practices and Consumer Protection Act (Act).
¶35 The Court properly observes that, in the similar Howe case, we agreed with the district court that “the policy of the Co-op allowing disconnection of service for nonpayment of fees [relating in part to a prior member’s delinquency] was reasonable.” See Howe, 206 Mont. at 301, 670 P.2d at 938 (emphasis added). The Court also correctly notes that we remanded in Howe for a determination of whether the implementation of the reasonable policy was reasonable — that is, whether the plaintiff had voluntarily agreed to pay the delinquency, as the cooperative contended, or had been forced or required to do so, as the plaintiff alleged. See Howe, 206 Mont. at 301-02, 670 P.2d at 938. In purported reliance on Howe, the Court in this similar case *54 then concludes that the bylaw provisions here — comparable to the policy we determined was reasonable in Howe — is unreasonable as a matter of law. I cannot understand how Howe's opposite conclusion on the policy at issue there can be used to support the Court’s decision here. Indeed, with regard to the reasonableness of the bylaw provisions at issue here, it is clear that Howe mandates that we affirm the District Court.
¶36 Thus, I disagree with the Court’s conclusion that the Cooperative’s bylaw provision at issue here is unreasonable as a matter of law because that conclusion is totally at odds with our decision in Howe. Moreover, while I agree that a potential member’s interests must be balanced with those of existing members, I disagree with the Court’s implicit determination that the interests of existing members must give way as a matter of law to those of a potential new member. The Court’s decision ignores both the interests of existing members of the Cooperative and the statutory authority of cooperatives to set the terms by which memberships can be transferred. See § 35-18-301(2), MCA. Indeed, I fear this decision will unravel the entire basis on which cooperatives have organized and managed themselves in Montana for six decades or more.
¶37 In addition, I simply cannot square the Court’s instructions to the District Court to enter partial summary judgment for Granbois in the amount of $932.07 with its subsequent statement that matters remaining to be determined are whether the Cooperative’s actions violated the Act and/or breached the covenant of good faith and fair dealing. Here, the only two causes of action alleged by Granbois are violation of the Act and breach of the covenant. If, as the Court says, the merits of Granbois’ claims under those two theories remain to be decided, what is the basis for entering judgment in her favor for a specified amount of damages? The Court does not explain and I am unaware of any legal principle under which damages can be awarded to a plaintiff as a matter of law prior to any decision that a defendant is liable for damages. This will make for interesting proceedings on remand, at the very least, and may prove to be an interesting precedent in future cases as well.
¶38 For these reasons, I would affirm the District Court and would not address the Act itself or its applicability here. The Court having done so, however, I feel compelled to comment briefly on its discussion. In the guise of “providing] direction” to the District Court on this issue never addressed there, the Court actually resolves the issue *55 of whether the Cooperative is exempt from the Act. In my opinion, it is both unwise and unnecessary for this Court to fall into the trap of addressing every issue parties brief on appeal, when the underlying proceedings never reached the stage of addressing such issues. To do so only increases our workload while, at the same time, intruding this Court into the proper realm of the district courts which are more than capable of making such determinations.
¶39 I would affirm the District Court and I dissent from the Court’s failure to do so.